IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-076 |
| | ) | |
| ASHLEY WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Richmond County, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE COMPLAINT

#### A. BACKGROUND

Plaintiff names as Defendants: (1) District Attorney Ashley Wright; (2) Sheriff Richard Roundtree; (3) Investigator Christopher Langford; (4) Captain Chester Huffman; (5) Sergeant Leisey Williams; and (6) Lieutenant Chip Whitaker. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendants illegally seized Plaintiff's electronic communications without judicial

approval in violation of the Fourth, Sixth, and Fourteenth Amendments. (Id. at 5.) Defendants conspired to obtain "illegal communication" and entrap Plaintiff "without authorization" under 18 U.S.C. § 2516. (Id.) Plaintiff's court-appointed counsel failed to suppress the communications, in violation of the Fifth Amendment Due Process Clause and "right[] to self incrimination." (Id.) Defendants "gave [him] selected and tailored" representation, who "misrepresent[ed] facts and a legal defense to . . . render a guilty plea by fraud." (Id. at 6.) As a result, Plaintiff suffered irreparable harm, depression, mental and emotional distress, and "other damages applicable under the law." (Id.) Plaintiff seeks $5.5 million in "absolute damages," a jury trial, attorney fees, punitive damages, and all "cost taxes" to be paid by Defendants. (Id. at 7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint is Barred Under Heck v. Humphrey.

Plaintiff's complaint is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In that case, the Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Id. In Heck, the Supreme Court further explained, if "a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983. Id. at 483.

Arguably, Plaintiff claims: (1) his electronic communications were illegally seized; (2) those communications should have been suppressed; (3) he received ineffective assistance of counsel; (4) his right against self-incrimination was violated; and (5) defendants conspired to violate his rights. (See doc. no. 1, pp. 5-6.) Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine Plaintiff's state conviction. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005). Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, Plaintiff's claims are barred under Heck.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**. If Plaintiff desires to challenge the validity of his state conviction, he must file a petition pursuant to 28 U.S.C. §2254 in the Southern District

of Georgia, which is the district where his original criminal proceedings were conducted.[1] (See doc. no. 1, p. 4) (indicating Defendant Wright is the District Attorney for Richmond County).

SO REPORTED and RECOMMENDED this 1st day of September, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court **DIRECTS** the **CLERK** to attach the standard form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody to Plaintiff's copy of this Report and Recommendation.